[No. B224096. Second Dist., Div. Five. Sept. 2, 2011.]

FRED KAYNE et al., Plaintiffs and Respondents, v.
THE GRANDE HOLDINGS LIMITED, Defendant and Appellant.

## Counsel

Freeman, Freeman & Smiley, Gregory M. Bordo and Jared A. Barry for Defendant and Appellant.

Nagler & Associates, Lawrence H. Nagler, Charles Avrith and David F. Berry for Plaintiffs and Respondents.

OPINION

**ARMSTRONG, J.**—The Grande Holdings Limited (Grande) appeals an order granting the motion of Fred Kayne and other plaintiffs (plaintiffs) for discovery sanctions in the amount of $74,809. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a lawsuit in the United States District Court for the Central District of California (*Kayne v. MTC Electronic Technologies, Co., Ltd.*, CV-95-0488) in January 1995, in which they alleged that MTC, Grande's subsidiary, and others violated federal and state laws by failing to disclose material facts in connection with plaintiffs' purchase of MTC securities, among other things. In December 2005, plaintiffs obtained a "net default Partial Final Judgment" in favor of plaintiffs and against MTC in the amount of $37,562,122. In this lawsuit, plaintiffs seek to enforce this judgment, less the amount of certain settlements, against Grande. Plaintiffs allege that MTC, which ceased doing business in 2003, was Grande's alter ego, and that Grande misused or converted MTC's assets over a period of several years before leaving it a judgment-proof shell.

Plaintiffs sought document discovery from Grande in March 2007. Grande responded solely by objecting. Plaintiffs filed a motion to compel on July 2, 2007. The motion was continued, and after Grande's demurrer was overruled, the parties reached an agreement pursuant to which plaintiffs would narrow the request and Grande would produce documents. This agreement, entered as an order by the trial court on July 21, 2008, required Grande to produce 24 categories of documents in its possession, custody or control by August 20, 2008.

Grande produced over 30,600 pages of documents in three tranches, on August 20, October 3 and November 21, 2008. Plaintiffs complained that all but 28 pages were documents which Grande knew plaintiffs already had as a result of discovery demands in other lawsuits against Grande and MTC. Plaintiffs also asserted that entire categories of documents, such as MTC's internal financial and accounting records, or Grande's own ledgers, journals and bank records reflecting transactions with MTC, were not produced. In a series of meet-and-confer sessions, plaintiffs requested, among other things, that Grande describe its search efforts in response to plaintiffs' discovery request.

On March 5, 2009, after Grande neither produced additional documents nor provided an explanation of its efforts to locate the requested documents, plaintiffs filed a motion to enforce the July 21, 2008 discovery order. While

the motion was pending, Grande represented that it would comply with the discovery order and produce additional documents which it had located. In reliance on that representation, plaintiffs agreed to take the motion to enforce off calendar.

Grande thereafter produced approximately 60,000 additional pages of MTC documents in April and May of 2009, which it stated it had only recently uncovered. These consisted of approximately 5,000 pages of a partial computerized general ledger, as well as 55,000 pages of MTC financial, accounting, banking and transaction records, which plaintiffs described as being in complete disorder. When Grande refused plaintiffs' request to label the documents in accordance with Code of Civil Procedure section 2031.280, subdivision (a),[1] plaintiffs hired three attorneys to organize the documents by category and date, so that they could use them to prepare for upcoming depositions of Grande witnesses.

In August 2009, plaintiffs filed a motion to enforce the July 21, 2008 discovery order. Plaintiffs sought $74,809 in sanctions under section 2023.010, subdivision (c), claiming that Grande employed a discovery method in a manner or to an extent that caused undue burden and expense. Grande opposed the motion, claiming it had fully discharged its obligations under the discovery statutes, because the documents were produced in the same state that they had been found by Grande, in plastic bags in a file cabinet in office space which MTC once leased from Grande (and which Grande occupied after MTC's demise). It also claimed that the motion was untimely, for while it was styled as a motion to compel compliance with a discovery order, it was in reality a motion to compel further responses.

At a hearing on December 3, 2009, the trial court granted plaintiffs' motion in part, and continued the sanctions motion to February 25, 2010, in order to give Grande an opportunity to provide evidence of the manner in which MTC's documents were kept by Grande between March 2007, when plaintiffs served their discovery request, and their production in 2009.

On January 15, 2010, Grande served the declarations of Bianca Leung, MTC's former controller and a 16-year "Grande Group" employee, and Felicity Porter, Grande's in-house counsel. These declarations did not, however, provide evidence of when and how Grande "discovered" the documents

---

[1] That section provides that "Any documents produced in response to a demand for inspection, copying, testing, or sampling shall either be produced as they are kept in the usual course of business, or be organized and labeled to correspond with the categories in the demand." (Code Civ. Proc., § 2031.280, subd. (a).)

All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

in storage, or how they had been kept while in Grande's possession and control. Neither declarant had any personal knowledge as to the condition in which the documents were found, or had any explanation for the disorganized condition in which they were produced.

The trial court conducted a hearing on the sanctions motion on March 30, 2010. Initially, the court noted that Grande had been in litigation concerning its alter ego liability for the obligations of MTC since 1998, and since December 15, 2000, was on notice that, if and when plaintiffs received a judgment in their litigation against MTC, they intended to sue Grande on an alter ego theory. The trial court further stated: "I specified in the [December 3, 2009] order that I was ordering defendant to file a client declaration by a person with knowledge regarding the manner in which the documents were kept in March 2007 . . . . That is a very specific order, especially given the extremely unusual document production here. On the bell curve of document productions, this one is very near the end of the bell curve. [¶] Grande has proffered no satisfactory explanation under oath by a person with knowledge as to why the documents were produced in the fashion that the plaintiffs said they were produced." The trial court ordered Grande to pay the sums plaintiffs incurred to organize the documents, as a sanction for willful abuse of discovery procedure and failure to comply with sections 2023.010, 2031.280, and 2031.320.

Grande appeals the sanctions order.

## STANDARD OF REVIEW

■ " 'The power to impose discovery sanctions is a broad discretion subject to reversal only for arbitrary, capricious or whimsical action. [Citations.] Only two facts are absolutely prerequisite to imposition of the sanction: (1) there must be a failure to comply [with a valid discovery order] . . . and (2) the failure must be wilful (Code of Civ. Proc., § 2034, subd. (d)).' " (*Young v. Rosenthal* (1989) 212 Cal.App.3d 96, 114 [260 Cal.Rptr. 369], quoting *Calvert Fire Ins. Co. v. Cropper* (1983) 141 Cal.App.3d 901, 904 [190 Cal.Rptr. 593].)

"An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. (*Shamblin v. Brattain* (1988) 44 Cal.3d 474, 478–479 [243 Cal.Rptr. 902, 749 P.2d 339]; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193]; *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287, 1297 [255 Cal.Rptr. 704].) The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing

rules of law. ' "The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown. [Citation.]" [Citations.]' (*Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 355 [188 Cal.Rptr. 873, 657 P.2d 365].) A decision 'that transgresses the confines of the applicable principles of law is outside the scope of discretion' and is an abuse of discretion. (*City of Sacramento, supra,* at p. 1297.)" (*New Albertsons, Inc. v. Superior Court* (2008) 168 Cal.App.4th 1403, 1422 [86 Cal.Rptr.3d 457].)

## DISCUSSION

Grande challenges the sanctions order on two separate grounds. It first claims that the trial court abused its discretion in sanctioning Grande for failure to organize the MTC documents, because, as the producer of third party documents, it had no duty to do so under the discovery statutes. Grande also maintains that the court lacked authority to grant plaintiffs' motion, because it was untimely. We consider each contention below.

### 1. *The trial court did not abuse its discretion in ordering sanctions*

■ "A court, after notice and an opportunity for a hearing, may impose sanctions on a party, person, or attorney for misuse of the discovery process. (§ 2023.030.) Section 2023.030 describes the types of sanctions that a court may impose, including monetary, issue, evidence, terminating, and contempt sanctions. (*Id.*, subds. (a)–(e).)" (*New Albertsons, Inc. v. Superior Court, supra,* 168 Cal.App.4th at p. 1422.)

Grande states that "plaintiffs argued that Grande's 'strategy' of producing documents in a shuffled order has severely prejudiced plaintiffs' ability to adequately prepare for upcoming depositions. However, plaintiffs offered no evidence that Grande did anything to cause MTC's documents to be produced to plaintiffs in a disorganized fashion, let alone - as part of a litigation 'strategy.' "

■ Grande's entire argument is based on the assumption that Grande found the documents at issue in a disordered condition and produced them to plaintiffs in that same disordered condition. Thus, Grande argues that "even if the trial court found that the documents should have been produced in a different order, sanctions are unwarranted because Grande was substantially justified in producing the documents as they were found." In response to the trial court request that Grande provide the declaration of a person with personal knowledge of this alleged fact, Grande offered two declarations of

Grande employees with no knowledge of the condition of the documents at the time Grande first obtained possession of them. Thus, there is no evidence in the record that Grande found the documents in a disordered condition. While Grande sought to place the burden of coming forward with this evidence on plaintiffs, the trial court reasonably determined that Grande was the only party who could provide any evidence at all concerning the state of the documents in its possession, custody and control. Because Grande produced no admissible evidence on the subject, the trial court concluded that Grande was responsible for the disordered state of the documents, and acted well within its discretion in ordering Grande to bear the costs of organizing the documents.

### 2. *Plaintiffs' sanctions motion was not untimely*

Grande argues that plaintiffs' motion was not a motion to compel compliance with a court order, but an untimely motion to compel further responses: "If Plaintiffs were truly dissatisfied with how Grande produced MTC's documents, then they should have filed a motion to compel a further response, and sought an order requiring Grande to organize and label MTC's documents. But Plaintiffs skipped that step because any motion to compel further discovery would have had to be brought within 45 days after Grande's response or amended response [pursuant to section 2031.310, subdivision (c)]." The argument is not well taken.

As the trial court recounted, Grande had been less than forthcoming in its discovery responses over a period of years. Indeed, the documents here at issue were produced after Grande had represented that it had fully complied with plaintiffs' discovery requests, and only a short time before plaintiffs were scheduled to take the depositions of representatives of Grande and MTC, in preparation for trial. Plaintiffs had no obligation to postpone their deposition and trial preparations in order to give Grande a second opportunity to fulfill their discovery obligations.

In sum, plaintiffs incurred substantial costs in organizing the documents which Grande produced in contravention of the requirements of section 2031.280, subdivision (a), thereby employing a discovery method in such a manner as to cause undue burden and expense to plaintiffs. With respect to these 55,000 pages of documents, plaintiffs were not requesting further responses, but rather sanctions as provided in the discovery statutes. The motion to compel compliance was timely filed.

## DISPOSITION

The judgment is affirmed.

Turner, P. J., and Kriegler, J., concurred.