Filed 10/29/14  Armato v. City of Manhattan Beach CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| NANCY ARMATO et al.,<br><br>     Plaintiffs and Appellants,<br><br>v.<br><br>CITY OF MANHATTAN BEACH et al.,<br><br>     Defendants and Respondents;<br><br>JOSEPH M. PAUNOVICH,<br><br>     Real Party in Interest and Respondent. | No. B252338<br><br>(Los Angeles County<br>Super. Ct. BS142266) |

APPEAL from an order of the Superior Court of Los Angeles County.  Joanne O'Donnell, Judge.  Affirmed.

Luna & Glushon and Robert L. Glushon for Plaintiffs and Appellants.

Richards, Watson & Gershon and Ginetta L. Giovinco for Defendants and Respondents.

Jeffer, Mangels, Butler & Mitchell, Benjamin M. Reznik and Matthew D. Hinks for Real Party in Interest and Respondent.

Nancy and Rosario Armato (appellants)[1] appeal from an order granting a motion for protective order, quashing deposition notices and imposing sanctions of $5,950 on appellants in connection with two depositions noticed in this administrative mandamus proceeding.

Appellants claim that the depositions were necessary to obtain evidence of bias, and that the trial court erred in determining that appellants had not provided substantial justification for attempting to obtain this additional evidence.

We find no abuse of discretion and affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2012, real party in interest Joseph M. Paunovich (Paunovich) filed an application for a Coastal Development Permit (CDP) with the Community Development Department (CDD) to construct a single-family home at 301/303 25th Street in the City of Manhattan Beach, California (the City). Appellants have lived for over 40 years at 2501 Crest Drive in the City, which is uphill and immediately adjacent to the property which was the subject of Paunovich's application.

In December 2012, the CDD approved Paunovich's application for a CDP.

On December 28, 2012, appellants appealed the CDD's approval of the project to the planning commission. The planning commission upheld the CDD's approval of the project and denied appellants' appeal.

On February 20, 2013, appellants filed a further appeal to the City council. The City council held a hearing on appellants' appeal of the project approval. Ultimately the City council voted 3-2 to deny appellants' appeal.

On March 27, 2013, appellants filed a petition for writ of mandamus challenging the City council's final decision. In April 2013, appellants filed a first amended petition.

On August 16, 2013, appellants filed a motion to amend and file a second amended petition. The motion was made on the grounds that appellants had recently discovered that the City approved revised plans for the project and that a revision permit

---

[1] At oral argument, appellants' counsel informed the court that Rosario Armato is now deceased.

2

was approved and issued by the City without a public hearing and without due process. Because the allegations in the amended petition concerned the same project at 301/303 25th Street, the court exercised its discretion to permit the amendment.

Appellants' writ contained allegations that councilmember Richard Montgomery (Montgomery) had closed door meetings with Paunovich and became personally involved as an advocate for Paunovich's project. Appellants further alleged that Montgomery took affirmative steps to conceal his communications with Paunovich and lobbied other City council members on behalf of the project. In sum, appellants alleged that Montgomery's behavior reflected an unacceptable level of bias that deprived appellants of their due process rights to a fair hearing.

On July 23, 2013, and August 2, 2013, appellants' counsel noticed the depositions of a City designee under Code of Civil Procedure section 2025.230 (the PMK notice) and former councilmember Montgomery.[2] The deposition notices contained requests for production of documents at each respective deposition.

Counsel for the parties met and conferred by telephone and correspondence regarding the deposition notices. Paunovich and the City took the position that such discovery was improper in an administrative mandamus proceeding. After efforts to meet and confer failed, on August 12, 2013, Paunovich and the City filed a joint motion for protective order and motion to quash the depositions, seeking a monetary sanction against appellants in the amount of $9,690.

The trial court held a hearing on September 4, 2013. The court granted the protective order and quashed the deposition notices. Appellants were ordered to cease conducting discovery without first applying to the court for permission. The court noted that in administrative mandamus proceedings, the court's consideration is generally limited by statute to the administrative record. Appellants were required to convince the court that, notwithstanding the general prohibition of extra-record evidence in

---

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

administrative mandamus proceedings, the particular evidence sought was required to be admitted, and the basis for that admission. The court found that appellants failed to make such a showing. It found the claim of bias weak, concluding, "[appellants] have provided no evidence of impermissible bias apart from innuendo, which is an insufficient basis to justify the unspecified extra-record evidence [appellants] seek to develop through discovery." The court further found that because Paunovich and the City prevailed on their motion, they were entitled to attorneys fees as sanctions. The court imposed sanctions of $5,950 against appellants.

On November 4, 2013, appellants filed their notice of appeal from the trial court's order.

## DISCUSSION

### I. Standard of review

Discovery orders are reviewed for an abuse of discretion. (*People ex rel. Lockyer v. Superior Court* (2004) 122 Cal.App.4th 1060, 1071.) A trial court's decision to impose discovery sanctions is also reviewed for an abuse of discretion. (*Kayne v. The Grande Holdings, Limited* (2011) 198 Cal.App.4th 1470, 1474 (*Kayne*).) An abuse of discretion occurs "'if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice. . . . The abuse of discretion standard affords considerable deference to the trial court, provided that the court acted in accordance with the governing rules of law. . . .' [Citation.]" (*Ibid.*) We will reverse a discretionary decision only if it ""'transgresses the confines of the applicable principles of law.""" (*Id*. at p. 1475.)

### II. No abuse of discretion in granting the protective order and quashing the subpoenas

#### A. *Applicable law*

In general, in administrative mandamus proceedings, the trial court may only consider the administrative record before the agency. However, "[w]here the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have

4

been produced or that was improperly excluded at the hearing before respondent, it may . . . admit the evidence at the hearing on the writ." (§ 1094.5, subd. (e).) "This limitation on the admission of post-administrative evidence works a corresponding limitation on post-administrative discovery, restricting inquiries to those reasonably calculated to lead to the discovery of additional evidence admissible under the terms of section 1094.5." (*Fairfield v. Superior Court of Solano County* (1975) 14 Cal.3d 768, 771-772 (*City of Fairfield*).)

Thus, to obtain post-administrative discovery, a party must first convince the trial court that the discovery is reasonably calculated to lead to relevant evidence that could not reasonably have been produced at the administrative hearing. "[D]iscovery under section 1094.5, unlike general civil discovery, cannot be used to go on a fishing expedition looking for unknown facts to support speculative theories." (*Pomona Valley Hospital Medical Center v. Superior Court* (1997) 55 Cal.App.4th 93, 102 (*Pomona*).)

"The stringent requirements set forth in section 1094.5, subdivision (e) require the moving party to identify what evidence is sought to be discovered for purposes of adding it to the record; to establish the relevancy of the evidence; and to show that either (a) any such relevant, additional evidence was improperly excluded at the administrative hearing, or (b) it could not have been produced at the hearing with the exercise of reasonable diligence. (§ 1094.5, subd. (e).)" (*Pomona, supra*, 55 Cal.App.4th at p. 102.) The moving party's showing must be specific and may not consist of speculation which the party hopes to develop through discovery. (*Board of Dental Examiners v. Superior Court* (1976) 55 Cal.App.3d 811, 814.) "If the moving party fails to make the required showing, it is an abuse of the court's discretion to allow posthearing discovery." (*Pomona*, at p. 102.)

### B. *The court's determination was within the bounds of reason*

The trial court first addressed appellants' deposition notice for the City's PMK. The court noted that the topics listed in the PMK deposition notice did not seek or even mention the alleged bias of Montgomery. Instead, it sought general information regarding the approval of permits and plans. The court noted that appellants did not

address the factors which must be addressed before a party is entitled to post-administrative discovery. For that reason, the motion for protective order was granted as to the PMK deposition notice. The motion was also granted as to the categories of documents sought from the City's PMK. The court concluded, "[t]hese categories either constitute a prohibited fishing expedition concerning bias on the part of unnamed Councilmembers (Categories 2-4), or seek matter that is almost certainly included in the record (Category 5)." The court reasonably concluded that the evidence appellants sought through the PMK deposition notice was irrelevant, speculative, or already in the record. No abuse of discretion occurred.

As to appellants' deposition notice and request for documents directed at Montgomery, appellants attempted to defend this discovery by claiming that Montgomery communicated with Paunovich and exhibited a bias towards him. The court found the claim of bias weak for several reasons. First, "communication between a councilmember and a constituent regarding an issue of concern is not improper, but is rather a proper and necessary component of the councilmember's job." (Citing *City of Fairfield, supra*, 14 Cal.3d at pp. 780-782; *Nasha, LLC v. City of Los Angeles* (2004) 125 Cal.App.4th 470, 483 (*Nasha*).) Further, the email communications between Montgomery and Paunovich did not support the assertion that Montgomery was biased. The court described the emails as "innocuous." Appellants alleged that an undisclosed closed-door meeting took place between Montgomery and Paunovich; however, the trial court found this allegation to be unsupported by any evidence. In sum, the trial court found that appellants "provided no evidence of impermissible bias apart from innuendo, which is an insufficient basis to justify the unspecified extra-record evidence" appellants sought to develop through discovery.

The court analyzed the discovery requests and reasonably concluded that the evidence sought by appellants was an exploration for unknown facts to support a speculative theory. (*Pomona, supra*, 55 Cal.App.4th at p. 102.) Such exploration is not permissible. (*Ibid.*) The trial court's decision was within the bounds of reason and no abuse of discretion occurred.

6

Appellants insist that the cumulative emails in the record provide the kind of smoke that would lead any reasonable person to believe there is fire. It is not our place to reevaluate the trial court's analysis of the facts before it or to substitute our judgment in place of that of the trial court. Instead, we reverse a discretionary decision only if it ""'"transgresses the confines of the applicable principles of law."'" (*Kayne, supra*, 198 Cal.App.4th at p. 1475.) Here, the trial court's analysis was within the applicable principles of law and is not subject to reversal.

### C. Nasha *does not mandate a different outcome*

Appellants rely on *Nasha. Nasha* involved an appeal from a writ of administrative mandamus seeking to overturn a planning commission's adverse decision on a construction project based on the potential bias on the part of one member of the planning commission. Shortly before the planning commission meeting, one of the commissioners authored an article advocating against the project. At the hearing, the commissioner did not disclose that he had authored the article, and also did not disclose that he had direct contact with an individual involved as an opponent to the project.[3] (*Nasha, supra*, 125 Cal.App.4th at p. 477.) At the conclusion of the hearing, the prior approval of the project was overturned. (*Ibid*.)

Nasha made a request for reconsideration based on new facts relating to bias on the part of the commissioner who had authored the article. (*Nasha, supra*, 125 Cal.App.4th at p. 478.) The planning commission did not reconsider its decision. Nasha filed a writ of mandate to overturn the planning commission's decision. During the pendency of the writ, Nasha took the commissioner's deposition. However, no question as to the propriety of that deposition is raised in the *Nasha* opinion. (*Id.* at p. 480.) The trial court denied the writ on the ground that Nasha knew or had reason to believe at the

---

[3]    In contrast, Montgomery disclosed on the record that he had communications with both Paunovich and Leonard Armato, appellants' son, prior to the City council hearing. Montgomery stated: "I first want to disclose I did speak with Leonard Armato. He's a friend, and the Armato family I've known for years. I did speak to Joe Paunovich as well by phone about his property."

administrative hearing that the commissioner had something to do with the writing of the article and therefore that the issue was forfeited. (*Id.* at pp. 484-485.)

The Court of Appeal reversed with directions to issue a writ of mandate vacating the planning commission's decision and directing the planning commission to conduct a new hearing before an impartial panel. (*Nasha, supra*, 125 Cal.App.4th at p. 486.) The Court of Appeal found that the commissioner's authorship of the article gave rise to an unacceptable probability of actual bias and that he "clearly should have recused himself from hearing this matter." (*Id.* at p. 484.) The court noted that Nasha had initially challenged the commissioner's bias at the administrative level, therefore the issue was not waived. The Court of Appeal further stated, "it was only in the course of the superior court action that Nasha had the opportunity to take [the commissioner's] deposition to fully develop the issue of bias. Therefore, such evidence properly was before the trial court in the mandamus proceeding and is entitled to due consideration." (*Id.* at p. 485.)

As the trial court pointed out, the *Nasha* decision does not discuss "discovery under [section] 1094.5, how the petitioner came to depose the commission member, any opposition to the deposition or any showing that the petitioner might have made in order to compel the deposition." While a deposition was permitted in that matter during the pendency of the writ of mandate, it is unknown whether it was opposed, and if so, the nature of the showing made by the petitioner at that juncture. The case does not discuss the narrow scope of discovery in mandamus proceedings. Therefore it is unhelpful to appellants.

In sum, the *Nasha* opinion does not set forth any rule of law suggesting that the trial court abused its discretion in this matter.

## III. No abuse of discretion in imposing sanctions of $5,950

We have determined that the trial court did not abuse its discretion in granting the motions for protective order and to quash the depositions. Appellants have made no specific arguments as to the imposition of monetary sanctions other than those set forth above.

8

The trial court noted that the City and Paunovich had prevailed on their motion and therefore were entitled to attorney fees as sanctions pursuant to section 2025.420, subdivision (h). The trial court reduced the award sought by the City and Paunovich from $9,690 to $5,950. The court's decision was reasonable and within the bounds of the law. No abuse of discretion occurred.

## DISPOSITION

The order is affirmed. Each side to bear their own costs of appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
HOFFSTADT

9