Filed 11/4/15  Ntephe v. Mesiwala CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| AZIKE NTEPHE et al., | No. B260101 |
| Plaintiffs and Respondents, | (Los Angeles County Super. Ct. KC065457) |
| v. | |
| DR. ALI MESIWALA et al., | |
| Defendants; | |
| POMONA VALLEY HOSPITAL MEDICAL CENTER, | |
| Objector and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Dan Oki, Judge.  Affirmed.

Paul Hastings and Nicholas J. Begakis for Objector and Appellant.

Law Offices of Scott Glovsky, Scott C. Glovsky and Ari Dybnis for Plaintiffs and Respondents.

Nonparty witness and appellant Pomona Valley Hospital Medical Center (appellant) appeals from an order imposing a sanction of $8,360 for appellant's failure to comply with a subpoena to appear and produce documents at deposition pursuant to Code of Civil Procedure section 2020.220, subdivisions (b) and (c).[1] Finding no abuse of discretion, we affirm the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 12, 2014, Azike Ntephe and Diane Fencl (collectively respondents) filed their third amended complaint against Dr. Ali Mesiwala, Dr. Ty Thaiyananathan, The Southern California Center for Neuroscience for the Spine, and The Center for Neuroscience and Spine (collectively defendants). Respondents generally alleged that Dr. Mesiwala performed surgery on Ntephe and that, unbeknownst to Ntephe, Dr. Mesiwala installed medical devices originating from a company in which he had a financial interest. Respondents alleged that because of this financial interest, Dr. Mesiwala would perform surgeries using these products in order to make more money. Respondents further alleged that Ntephe would not have consented to the surgery or the implantation of the medical devices had he known that Dr. Mesiwala intended to use devices from companies in which he had a financial interest. Respondents alleged the following causes of action: (1) fraudulent concealment; (2) breach of fiduciary duty; (3) failure to obtain informed consent; (4) intentional misrepresentation; (5) medical negligence; (6) violation of Business & Professions Code sections 17200 et seq.; and (7) loss of consortium.

Appellant first received a third party subpoena from respondents seeking testimony and documents on November 5, 2013. The subpoena was dated October 31, 2013 (the October 2013 subpoena). On November 21, 2013, appellant served its written objections to the October 2013 subpoena, together with a meet and confer letter. One of the objections was that respondents failed to personally serve appellant. Respondents sent appellant evidence of personal service. Thereafter, respondents' counsel and

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

2

appellants' counsel engaged in extensive efforts to meet and confer, both via telephone and written correspondence.

Respondents claim that the meet and confer discussions resulted in appellant's agreement to produce a deponent on December 20, 2013. Appellant's counsel states that it was a tentative agreement, subject to the resolution of appellant's objections.

On December 16, 2013, the trial court issued a stay of all litigation in the instant action until January 28, 2014, pending a motion to compel arbitration. Respondents' counsel telephoned appellant's counsel on that day and informed her of the stay. Respondents' counsel did not receive a response, so on December 17, 2013, he wrote to appellant's counsel to make sure appellant was aware of the stay and did not appear for the deposition unnecessarily. Respondents' counsel also requested appellant's available dates in order to reschedule the deposition. Appellant's counsel stated that she would be in contact.

On January 28, 2014, the stay expired. However, on February 3, 2014, the defendants filed an appeal, thereby initiating another automatic stay. On April 9, 2014, the defendants dismissed their appeal, which lifted the automatic stay.

Respondents had been informed that appellant had new counsel. Respondents forwarded to appellant's new counsel a notice regarding the dismissal of the defendants' appeal and requested that new counsel provide dates on which appellant would be available to appear for the deposition.

Appellant's counsel responded that he did not trust the notice from the Court of Appeal or respondents' representation that the appeal had been dismissed, and asked for a copy of the remittitur and a courtesy copy of the subpoena. Respondents sent a copy of the subpoena the next day and a copy of the remittitur on April 14, 2014. On April 15, 2014, appellant's counsel sent a letter to respondents' counsel indicating that appellant was not inclined to produce documents or offer testimony because the subpoena was overbroad, unduly burdensome, and sought information that was not discoverable. Later that day, respondents' counsel sent correspondence accusing appellant of reversing its position and referring to appellant's alleged agreement to produce nonprivileged

3

documents. On April 18, 2014, appellant responded to respondents' letter by indicating that it never entered into the agreement that respondents' letter purported to memorialize.

On June 9, 2014, respondents served appellant with a second subpoena for a person most knowledgeable (PMK) deposition and production of documents. The deposition was scheduled for July 9, 2014. The subpoena was served directly on appellant, and was not served on appellant's counsel. On July 7, 2014, appellant's counsel sent an email to respondents' counsel stating that appellant would not appear for the deposition and would not produce documents. The email did not contain an explanation of appellant's refusal to appear or failure to serve respondents with objections. Instead, it attached appellant's counsel's emails of April 15 and April 18, 2014, concerning appellant's position on the old subpoena, without any discussion of the operative subpoena.

Appellant's PMK failed to appear at the July 9, 2014 deposition. Respondents inquired about appellant's failure to appear. On July 11, 2014, appellant sent respondents correspondence reiterating its prior objections made to the subpoena served in October 2013. Appellant also questioned respondents' failure to notify appellant's counsel of the second subpoena.

On July 23, 2014, respondents filed a motion to compel the deposition of appellant's PMK and the production of documents, and asked for monetary sanctions in the amount of $4,050. Respondents also filed and served notice that with the motion, they would request imposition of sanctions associated with the cost of bringing the motion.

On August 5, 2014, appellant filed an opposition. Appellant argued that the second subpoena was more broad and burdensome than the first, and that all of the documents and testimony requested were shielded from discovery by Evidence Code section 1157.[2] Appellant argued it was unduly burdensome to require appellant to

---

[2] Evidence Code section 1157 prohibits discovery of the records of organized medical committees in hospitals, and of peer review bodies having the responsibility of

4

produce documents when all relevant, nonprivileged documents were in respondents' possession. In addition, appellant argued that respondents violated California Rule of Professional Conduct, rule 2-100, by contacting appellant directly when respondents knew that appellant was represented by counsel.[3]

Respondents filed a reply brief. Respondents argued that they had served a valid subpoena in accordance with section 2020.220, subdivisions (b) and (c); that appellant had not filed or served any objections to the subpoena; and that appellant had simply sent an email on July 7, 2014, indicating that it would not appear for the deposition. Respondents indicated that appellant's change of position regarding its willingness to appear for the deposition threw away many hours worth of constructive discussions in which the parties came to a mutually agreeable result.

On September 29, 2014, a hearing was held on respondents' motion before a discovery referee. Appellant, respondents and the defendants all appeared and participated in the hearing. After the hearing the discovery referee provided a comprehensive written ruling recommending that the trial court grant respondents' motion to compel. The referee noted that appellant did not timely file objections to respondents' June 9, 2014 deposition subpoena and concurrently filed requests for production. The referee noted that the court should not apply appellant's November 21, 2013 objections filed in connection with the October 2013 subpoena to the June 9, 2014 subpoena, which was not identical to the previously filed subpoena. The referee further recommended sanctions in the amount requested ($4,050). The referee stated that such sanctions were warranted due to appellant's failure to appear at the properly noticed deposition, failure to produce a single document and failure to serve any objections to the

evaluation and improvement of quality of care rendered in the hospital, among other things.

[3] Rules of Professional Conduct, rule 2-100 provides that "[w]hile representing a client, a member shall not communicate directly or indirectly about the subject of the representation with a party the member knows to be represented by another lawyer in the matter, unless the member has the consent of the other lawyer."

5

subpoena.  The referee recommended that the court also impose sanctions against appellant for the costs associated with drafting and arguing the motion to compel.

The referee further recommended that appellant produce a privilege log indicating which documents were privileged, and suggested that an in camera inspection of the documents take place in order to determine whether the documents are in fact covered by Evidence Code section 1157.  If any responsive documents contained third party patient information, the referee directed that such information should be redacted.

On October 9, 2014, appellant filed an objection brief to the referee's recommendation.  Appellant requested an opportunity to be heard regarding the referee's recommendation that appellant be required to produce nondiscoverable peer review documents in camera; provide a privilege log of such documents; produce third party patient records; and pay monetary sanctions in the total amount of $8,360 to respondents' counsel.

On October 21, 2014, the trial court approved and adopted all the recommendations and findings contained in the discovery referee's written order.  Respondents' motion for sanctions was granted in the amount of $8,360.  The court added a notation indicating that the objections of appellant to the referee's recommendations were overruled and appellant's request for hearing was denied.

On November 12, 2014, appellant filed a notice of appeal from the order imposing sanctions.

## DISCUSSION

### I.  Standard of review

A trial court's order imposing discovery sanctions is subject to review for abuse of discretion.  (*Kayne v. The Grande Holdings Limited* (2011) 198 Cal.App.4th 1470, 1474-1475.)  "'An abuse of discretion occurs if, in light of the applicable law and considering all of the relevant circumstances, the court's decision exceeds the bounds of reason and results in a miscarriage of justice.'"  (*Ibid.*)  However, "'"[t]he discretion of the judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on

6

appeal where no reasonable basis for the action is shown. [Citation.]' [Citation.]"'" (*Ibid.*) Absent a clear showing of abuse, we will not disturb a discretionary ruling of the trial court. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331.)

## II. No abuse of discretion occurred

Pursuant to section 2020.200, subdivisions (b) and (c), personal service of a deposition subpoena obligates any resident of California to appear, testify and produce whatever documents or things are specified in the subpoena. Section 1987.1 gives the trial court authority to make an order directing compliance with a subpoena requiring attendance of a witness or the production of documents. Under section 1987.2, in ruling on a motion made pursuant to section 1987.1, "the court may in its discretion award the amount of the reasonable expenses incurred in making or opposing the motion, including reasonable attorney's fees, if the court finds the motion was made or opposed in bad faith or without substantial justification . . . ." (§ 1987.2, subd. (a).)

Section 2025.480 also provides authority for a party to bring a motion to compel against a nonparty witness and gives the trial court discretion to impose sanctions. Section 2025.480, subdivision (a) provides that "[i]f a deponent fails to answer any question or to produce any document, . . . under the deponent's control that is specified in the deposition notice or a depositions subpoena, the party seeking discovery may move the court for an order compelling that answer or production."

Section 2025.480, subdivision (j) provides that the court "shall impose a monetary sanction . . . against any party, person, or attorney who unsuccessfully makes or opposes a motion to compel an answer or production, unless it finds that the one subject to the sanction acted with substantial justification . . . ."

In addition, section 2023.030, subdivision (a) provides that "[t]he court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process, or any attorney advising that conduct, or both pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct."

These statutes provide legal authority for the trial court's ruling. The trial court further adopted the referee's factual finding that appellant had failed to timely object to

7

the subpoena, and that any objections to the October 2013 subpoena could not apply to the new subpoena, as the two subpoenas were not identical.

Appellant failed to serve objections to the subpoena and failed to appear for the deposition. A motion to compel was necessitated by appellant's actions, and the court acted within its discretion in awarding sanctions. The court's actions fell within the bounds of reason and the legal limits of discretion.

## III. The trial court acted within its jurisdiction

Appellant argues that the trial court had no jurisdiction to impose sanctions on a nonparty absent a formal contempt proceeding and hearing. In support of this argument, appellant cites *O'Brien v. Cseh* (1983) 148 Cal.App.3d 957 (*O'Brien*). *O'Brien* involved the imposition of sanctions pursuant to section 128.5, which provides for the imposition of sanctions for frivolous actions or delaying tactics. The section specifies that "[e]xpenses pursuant to this section shall not be imposed except on notice contained in a party's moving or responding papers or, on the court's own motion, after notice and opportunity to be heard." (§ 128.5, subd. (c).) In *O'Brien*, the sanctions were imposed in an ex parte proceeding. The reviewing court held that "an application for sanctions pursuant to section 128.5 is not an ex parte matter." (*O'Brien, supra*, at p. 961.) The court further found that the plaintiff's "rush to compel sanctions against defendant on an ex parte basis was a flagrant violation of due process principles." (*Id.* at p. 962.) Here, the motion for sanctions was not granted on an ex parte basis. Instead, appellant was provided an opportunity to oppose the motion and appear at a hearing before a discovery referee. *O'Brien* does not suggest that the trial court lacked jurisdiction to impose sanctions under the circumstances of this case.

Appellant also relies on *Lund v. Superior Court* (1964) 61 Cal.2d 698 (*Lund*). The *Lund* court stated that "[w]hen the proposed sanction is for the refusal of a nonparty witness to obey the command of a subpoena duly issued and served, or for the failure of any person properly brought before the court to obey an order made to compel discovery, the court has no power to proceed in any manner other than as in a contempt [citation]." (*Id.* at p. 713.) *Lund* is a 50-year-old case which predates the passage of sections 1987.1

8

and 2025.480.**4**  Further, to the extent that the *Lund* court reversed imposition of sanctions due to a failure to provide the nonparties with an opportunity to be heard, the case is distinguishable.  Here, appellant was provided with a full hearing before a discovery referee.  Appellant cites no law suggesting that a hearing before a referee is insufficient to provide appellant with the opportunity to be heard.

Appellant has failed to show that the trial court exceeded its jurisdiction in awarding sanctions under the circumstances of this case.

## IV.  The record supports the trial court's conclusion that the subpoena was valid

Appellant argues that sanctions were inappropriate because the subpoena and motion to compel were defective.  Appellant complains that respondents did not serve the notice of deposition on either appellant or its counsel.  Instead, respondents delivered the subpoena to appellant, without providing notice to, or consulting, appellant's counsel.  Appellant also accuses respondents' counsel of contacting appellant directly in violation of California Rules of Professional Conduct, rule 2-100.

However, the trial court adopted the referee's finding that the subpoena was valid and enforceable.  The referee specifically found that "[t]he subpoena was properly served on [appellant] by personal service."  The record supports this finding.  Respondents represented that the subpoena was properly personally served on appellant on June 9, 2014.  Pursuant to section 2020.220, subdivision (b)(2), a deposition subpoena may be served on an organization "by personal delivery . . . to any officer, director, custodian of records, or to any agent or employee authorized by the organization to accept service of a subpoena."  The deposition subpoena reveals that it was served a month prior to the scheduled deposition date and that it was served on the person authorized to accept service, in compliance with section 2020.220, subdivisions (b) and (c).  Section 2020.220 makes no exception for parties that are represented by counsel.  Thus, personal service on

---

**4**      Per respondents' request, we take judicial notice that the California Legislature passed section 2025.480 into law in 2004 and it became operative on July 1, 2005.  We also take note that section 1987.1 became law in 1976.  (Evid. Code, § 452, subd. (a), (c), (g) & (h).)

the person authorized to accept service was permissible, even though appellant was represented by counsel. Service was not defective.

Appellant further argues that the motion to compel was defective due to respondents' failure to engage in any meet and confer prior to filing. Appellant argues that a motion to compel must be accompanied by a declaration setting forth facts establishing "a reasonable and good faith attempt at an informal resolution of each issue presented by the motion." (§§ 2016.040, 2025.480, subd. (b).) The statute requires that counsel make a serious effort to "attempt to talk the matter over, compare their views, consult, and deliberate." (*Townsend v. Superior Court* (1998) 61 Cal.App.4th 1431, 1439.)

However, section 2025.450, subdivision (b)(2) provides that no meet and confer is required where a deponent "fails to attend the deposition and produce the documents . . . described in the deposition notice." In such cases, all that is required is a declaration by the moving party that he or she has contacted the deponent "to inquire about the nonappearance." (*Ibid*.) Respondents filed with their motion a declaration in which their counsel stated that he contacted appellant to inquire about appellant's nonappearance prior to the filing of the motion. Under the circumstances, the trial court did not err in accepting the referee's implied determination that no further meet and confer was necessary.

## V. No substantial justification existed

Appellant points out that the discovery statutes allow the imposition of sanctions unless the court finds that the losing party "acted with substantial justification," or other circumstances render the imposition of sanctions "unjust." (§§ 2025.450, subd. (g)(1), 2025.480, subd. (j); *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1434.) Appellant argues that it had valid objections to the subpoena. Appellant states that all of the documents and testimony requested are shielded from discovery by Evidence Code section 1157; that appellant is precluded from providing the records of nonparty patients; and that the subpoena was unduly burdensome. Thus, appellant argues, it had substantial justification for declining to appear and produce the documents.

The trial court found otherwise.  It held that if certain documents were covered by Evidence Code section 1157, a privilege log should be produced and an in camera inspection of the documents should be undertaken in order to determine if the documents are in fact covered by section 1157.  Further, if such documents contained third party patient identifying information, such information should be redacted.  The court pointed out that both the Confidentiality of Medical Information Act (CMIA) and Health Insurance Portability and Accountability Act (HIPAA) allows the disclosure of medical information pursuant to a court order without patient authorization.  (Civ. Code, §§ 56.05, subd. (j), 56.10, subd. (a), (b)(1); 45 C.F.R. § 164.512, subd. (e)(1)(i).)

Furthermore, as the court noted, objections based on burden "must be sustained by evidence showing the quantum of work required, while to support an objection of oppression there must be some showing of either an intent to create an unreasonable burden or that the ultimate effect of the burden is incommensurate with the result sought." (*West Pico Furniture Co. v. Superior Court* (1961) 56 Cal.2d 407, 417.)  Here, appellant failed to provide a declaration with respect to its claims of burden, and the court had no evidence showing how much work would be required to comply with the subpoena.

For the reasons set forth above, the trial court did not abuse its discretion in determining that appellant lacked substantial justification for its refusal to appear and produce documents.

**DISPOSITION**

The order is affirmed.  Respondents are entitled to their costs of appeal.[5]

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:


_____, Acting P. J.
ASHMANN-GERST


_____, J.
HOFFSTADT

---

[5]    We decline to issue an order compelling appellant to compensate respondents for attorney fees as a sanction for a frivolous appeal, as requested by respondents.  "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment -- or when it indisputably has no merit."  (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650).  Appellant's arguments were not totally devoid of merit, thus the appeal was not frivolous and sanctions are not warranted.